**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA CIFUENTES RODRIGUEZ DE LOPEZ, <br><br>           Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>           Respondent. | No.    17-72330 <br><br> Agency No. A208-598-513 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Marta Cifuentes Rodriguez de Lopez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ's") decision denying her applications for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the determination that Cifuentes Rodriguez de Lopez failed to establish she was or would be persecuted by gang members on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group").

Substantial evidence also supports the determination that Cifuentes Rodriguez de Lopez failed to establish membership in her proposed particular social group of "married women in Guatemala who are unable to leave their relationship." *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in that particular social group" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014))).

Because Cifuentes Rodriguez de Lopez does not challenge the finding of no political opinion, this issue is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d

2                                                    17-72330

1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

In light of this disposition, we need not reach Cifuentes Rodriguez de Lopez's remaining contentions regarding the merits of her asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, Cifuentes Rodriguez de Lopez's asylum and withholding of removal claims fail.

Substantial evidence supports the denial of CAT protection because Cifuentes Rodriguez de Lopez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**